IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JUAN DOMINGO CONDE ROCHA,<br><br>Defendant. | CR 15–20–M–DLC<br><br>ORDER<br>*NUNC PRO TUNC* |

Before the Court is Defendant Juan Domingo Conde Rocha's ("Conde Rocha") motion to reconsider the Court's October 15, 2015 order denying his second motion to dismiss the Indictment in this case. The motion was denied in the alternative. On the one hand, the Court found that Conde Rocha failed to address two out of the three statutory elements predicate to collaterally attacking his underlying deportation proceedings. Nevertheless, even if he had addressed those elements, the Court found that Conde Rocha could not prove that he exhausted administrative remedies, *see* 8 U.S.C. § 1326(d)(1), because he validly waived his appeal rights. The Court found that, because he waived those rights upon acknowledging service of the Notice of Intent to Issue a Final Administrative Removal Order ("Notice of Intent"), and because the Notice of Intent did not

contain any defects which might affect the validity of his waiver, Conde Rocha simply could not meet his burden on the exhaustion element. Finally, given both procedural and merits-based grounds for denying the motion to dismiss, the Court concluded that an extension of the reply brief deadline would serve no purpose, and so denied that motion.

Conde Rocha now argues in his motion for reconsideration that: (a) he sufficiently raised the collateral attack issue by addressing only the third element in his opening brief, such that discussing elements one and two for the first time in reply *does not* constitute raising a new issue or argument; and (b) there was a defect in the underlying deportation proceeding – in the form of a statement by the deciding officer in the Final Administrative Removal Order ("Removal Order") – that invalidates Conde Rocha's appeal waiver. While the Removal Order does state that Conde Rocha is ineligible for relief from removal due to his conviction on what the deciding officer labels an aggravated felony, that statement was made *after* Conde Rocha signed the acknowledgment of service indicating he had no intention of challenging removal. Thus, the Court concludes here, as it did in its October 14th order, that Conde Rocha waived his rights to challenge the removal

not based on the potentially erroneous statements[1] of an immigration judge or deciding officer, but on his own volition.

In the Court's view, this would be a different case if the Notice of Intent contained a statement regarding Conde Rocha's ineligibility for relief, because one could conclude in that instance that the potentially erroneous statement regarding Conde Rocha's aggravated felony conviction induced his waiver of the right to contest the removal. On the contrary, the very limited evidentiary record before the Court does not support the conclusion that Conde Rocha forwent his rights to challenge the removal based on anything anyone said to him. The Court therefore exercises its discretion and declines to reconsider its prior ruling on Conde Rocha's second motion to dismiss. *See United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013) ("No precise 'rule' governs the district court's inherent power to grant or deny a motion to reconsider a prior ruling in a criminal proceeding. Rather, the district court's authority to revisit a ruling on a [criminal] motion is within its sound judicial discretion.") (citations omitted).

---

1. The Court refers to the deciding officer's statement in the Removal Order regarding the aggravated felony and Conde Rocha's ineligibility for relief as "potentially erroneous" because the Court has not undertaken a categorical approach analysis as to whether Conde Rocha's Idaho conviction actually constitutes an aggravated felony. Such an analysis has been unnecessary to this point, given Conde Rocha's failure to proceed past the first element in 8 U.S.C. § 1326(d). It is conceivable that Conde Rocha's argument as to the third element fails as well.

Accordingly, IT IS ORDERED that Conde Rocha's motion for reconsideration (Doc. 23) is DENIED.

DATED this 20th day of October, 2015.

/s/ Dana L. Christensen
Dana L. Christensen, Chief District Judge
United States District Court